Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendant PropertyRadar, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> PROPERTYRADAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* <br><br> Defendants. | (Electronically Filed) <br><br><br> CIVIL ACTION <br><br> Civil Action No. _____ <br><br> State Docket No. MER-L-000293-24 <br><br> **NOTICE OF REMOVAL** |

### D.N.J. LOCAL RULE 10.1 STATEMENT

1.     The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev.

2. The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

3. The remaining plaintiffs' addresses are unknown to Defendant PropertyRadar, Inc. ("PropertyRadar"), which is filing this Notice of Removal.

4. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052; and John A. Yanchunis, Esq., of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

5. Defendant PropertyRadar is represented by Angelo A. Stio III and Melissa A. Chuderewicz of Troutman Pepper Hamilton Sanders, LLP, Suite 400, 301 Carnegie Center, Princeton, New Jersey 08540. PropertyRadar is also represented by Ronald L. Raether Jr. (*pro hac vice* application to be submitted) of Troutman Pepper Hamilton Sanders, LLP, Suite 1400, 5 Park Place, Irvine, CA 92614.

Dated: April 24, 2024

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant PropertyRadar, Inc. ("PropertyRadar"), by and through its undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and pursuant to 28 U.S.C. § 1441, hereby removes this action from the Superior Court of New Jersey, Mercer County, Law Division to the United States District Court for the District of New Jersey. PropertyRadar's grounds for removal are as follows:

1. On or about February 8, 2024, Plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a complaint ("Complaint") against PropertyRadar in the Superior Court of New Jersey, Law Division, Mercer County (the "Superior Court"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. PropertyRadar was served with copies of the Summons and the Complaint on March 26, 2024. Pursuant to 28 U.S.C. § 1446(a), the (1) Summons, (2) Complaint, (3) Case Information Statement, (4) Track Assignment Notice, (5) Document Preservation Letter, (6) First Request for the Production of Documents, and (7) First Set of Interrogatories constitute all pleadings, process, and orders, served upon Property Radar in this Action. Copies of those documents are attached as **Exhibit B**.

3. In Count One of the Complaint, Plaintiffs asserts a claim against PropertyRadar for violations of Daniel's Law (N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1), based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Ex. A ¶¶ 57–63.

4. In the WHEREFORE clause following Count One, Plaintiffs allege they are each entitled to recover from PropertyRadar actual damages equal to no less than liquidated damages of $1,000 per violation; punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief.  *See* Ex. A, WHEREFORE clause at 23.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of PropertyRadar's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, this Notice of Removal is timely filed.

6. As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and PropertyRadar and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.   DIVERSITY JURISDICTION

7. Under 28 U.S.C. § 1332, a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

### A.   Diversity of Citizenship

8. For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state where it is incorporated, and (2) the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. Plaintiff Atlas is a Delaware corporation, with its principal place of business at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.  *See* Ex. A ¶ 25.  Atlas is therefore a citizen of the States of New Jersey and Delaware for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

10. For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption "that a person's current residence is also his domicile," and "voter registration and voting practices," "place of employment or business" "as well as several other aspects of human life and activity." *Id.*

11. Plaintiff Jane Doe-1 alleges in the Complaint that she is a "police officer working in Northern New Jersey." *See* Ex. A ¶15. As an active law enforcement officer, Plaintiff Jane Doe-1's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, Jane Doe-1 is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

12. Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who lives in Northern New Jersey." *See* Ex. A ¶ 16. Accordingly, Jane Doe-2 is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

13. Plaintiff Edwin Maldonado ("Maldonado") alleges he was a patrol officer for the City of Plainfield, and later a detective with Plainfield's major crimes unit. *See* Ex. A ¶ 17. Plaintiff Maldonado's publicly available LinkedIn page states that he currently works as a detective for the Union County Prosecutor's Office. A true and correct copy of a screenshot of Plaintiff Maldonado's publicly available LinkedIn page, is attached to the Declaration of Angelo A. Stio III ("Stio Declaration") as **Exhibit 1**. Accordingly, Maldonado is a citizen of New Jersey

for federal diversity purposes under 28 U.S.C. § 1332(a)(1). *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.

14. Plaintiffs Scott Maloney and Justyna Maloney (the "Maloneys") allege they are "both veteran police officers currently serving with the Rahway, New Jersey Police Department" who "live together in New Jersey." *See* Ex. A ¶ 18. Accordingly, the Maloneys are citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

15. Plaintiff Patrick Colligan ("Colligan") alleges that he is a thirty-two-year veteran of the Franklin Township, Somerset County, New Jersey police department. *See* Ex. A ¶ 22. Plaintiff Colligan is listed as a Police Detective on the website for the Franklin Township Police Department. *See* Stio Decl., **Ex. 2**. Colligan is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1). *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.

16. Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department. *See* Ex. A ¶ 23. Plaintiff Andreyev's publicly available LinkedIn page states that he currently works as a police officer for the Point Pleasant Beach Police Department. *See* Stio Decl. **Ex. 3**. Andreyev is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1). *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.

17. PropertyRadar is a California corporation with its principal place of business at 12242 Business Park Drive, Suite 20, Truckee, CA 96161. *See* Stio Declaration ¶7. PropertyRadar is therefore a citizen of California for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

18. Defendants Richard Roes, 1–10, are identified in the Complaint as "fictious names of unknown individuals," and as such, their citizenship may be disregarded for the purposes of removal under binding Third Circuit precedent. 28 U.S.C. § 1441(a); *Abels v. State Farm Fire*

*& Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.").

19. Defendants ABC Corporations, 1–10, are identified in the Complaint as "fictitious names of unknown entities," and as such, their citizenship may be disregarded for the purposes of removal. *See Abels*, 770 F.2d at 37.

20. Because the citizenship of each Plaintiff is diverse from PropertyRadar, complete diversity of citizenship exists between the parties in this Action.

**B.     Amount in Controversy**

21. In paragraph 25 of the Complaint, Plaintiff Atlas alleges that it asserts claims against PropertyRadar on behalf of 19,076 individuals who were "covered persons" ("Covered Persons") and assigned their claims to Atlas for alleged violations of Daniel's Law. *See* Ex. A ¶ 26.

22. In addition to Atlas, seven Individual Plaintiffs assert claims against PropertyRadar for alleged violations of Daniel's Law, bringing the total number of claims against PropertyRadar to 19,083. *See* Ex. A ¶ 56.

23. In WHEREFORE clause found on page 23 of the Complaint, Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *See* Ex. A. at WHEREFORE clause ¶(B); N.J.S.A. 56:8-166.1(c)(1). Assuming each Covered Person or Individual Plaintiff asserts just one violation, the amount in controversy would exceed $19,083,000.

24. While Plaintiffs' Complaint does not expressly seek a specific monetary judgment amount against the PropertyRadar, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. The amount in controversy meets jurisdictional requirements as evidenced by the express language in

paragraphs 25, 50, 56, and 63 and the WHEREFORE clause of the Complaint wherein Plaintiffs assert that all Covered Persons and Individual Plaintiffs (19,083 individuals) have suffered individual violations under Daniel's Law and such violations are subject to actual damage awards of "$1,000 for each violation" *See* Ex. A. WHEREFORE clause at ¶(B); N.J.S.A. 56:8-166.1(c)(1). Plaintiffs' prayer for relief requests not only at least $19,083,000 in actual damages, but also requests for punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief.

## II.     ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED

25.     Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

26.     This case is a civil action within the meaning of 28 U.S.C. § 1441.

27.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Mercer County, the forum in which the removed action was pending.

28.     In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, PropertyRadar will give written notice of this Notice of Removal to Plaintiffs. PropertyRadar also is providing Notice of this removal to the Clerk of the Superior Court of New Jersey, Law Division, Mercer County.

## III.     PRESERVATION OF RIGHTS AND DEFENSES

29.     By removing this action from the Superior Court of New Jersey, Law Division, Mercer County, PropertyRadar does not waive any defenses available to it.

30.     By removing this action from the Superior Court of New Jersey, Law Division, Mercer County, PropertyRadar does not admit any allegation in the Complaint.

31. PropertyRadar reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant PropertyRadar respectfully removes this action to the United States District Court for the District of New Jersey.

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderwicz@troutman.com

-and-

Ronald I. Raether, Jr. (*pro hac vice* to be submitted)
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
5 Park Plaza
Suite 1400
Irvine, CA 92614
Telephone: (949)622-2700
Ron.Raether@troutman.com

*Attorneys for Defendant PropertyRadar, Inc.*

## LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant PropertyRadar, Inc., certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: April 24, 2024

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, the foregoing was filed electronically. The parties may access this filing through the Court's system. A copy was served via email and U.S. mail:

**PEM LAW LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
1 Boland Drive
West Orange, NJ 07052
Tel.: (973) 533-0777
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

/s/ *Angelo A. Stio III*
Angelo A. Stio III